## TEXAS EMPLOYERS INS. ASS'N v. GOINES.

### No. 4426.

Court of Civil Appeals of Texas. Beaumont.

May 1, 1947.

Rehearing Denied May 28, 1947.

Marcus, Carrington & Weller, of Beaumont, for appellant.

Fulmer & Fairchild, of Nacogdoches, for appellee.

MURRAY. Justice.

This is an appeal from a judgment for total and permanent disability under the workmen's compensation law in the district court of Jefferson county.

The appellee, Goines, while still a minor, was injured in the course of his employment with Stone & Webster Engineering Corporation in Jefferson county and presented his claim before the Industrial Accident Board himself, not being represented by an attorney and having no guardian. Goines' right hand was hurt when it was jammed between a cement bucket and some machinery he was helping carry. He was injured June 18, 1945. In his affidavit filed with the Board in support of his claim for compensation he stated that he had lost all use of his right hand, that disability had begun on the date of the accident, that he claimed total disability from that date "to present time, still effective, or loss of member, right hand." On January 10, 1946, the Board made and entered its final award on his claim. The award was for a specific injury, and both the appellee Goines and the insurer, Texas Employers Insurance Association, filed suits in the district court of Jefferson county to set aside

such award. Goines became 21 years of age on February 2, 1946. He filed his suit to set aside the award on February 18, 1946, while the suit of the appellant was filed February 15, 1946. In his petition in his suit to set aside the award, and in his cross action in the suit of the appellant to set aside the same award, Goines sued for total permanent disability, which he alleged to be the natural result of the same industrial accident upon which he had presented his claim himself before the Board. The court, on May 30, 1945, made an order consolidating the two causes.

On June 11, 1946, the appellant filed its plea in abatement to the cross action of the appellee, asserting that the court was without jurisdiction to hear and determine the claim for total permanent disability for the reason that Goines, although claiming in his cross action injury to his right shoulder and right side of his body and to the brachial plexus on the right side of his body, did not make claim for such injuries before the Industrial Accident Board but on the contrary made claim only for an injury to his right hand. Such plea further alleged that at no time did Goines claim before the Board that any part of his body except his right hand was injured nor did he claim that such injury affected his body generally, and further that the additional claims made by him in his cross action were never adjudicated by the Industrial Accident Board. The court, after a hearing thereon, overruled the plea to the jurisdiction.

The cause proceeded to trial before a jury and upon the jury's verdict, in response to special issues submitted, judgment was rendered in favor of Goines for total and permanent disability for 401 weeks at the rate of $20 per week. After the appellant's motion for new trial was overruled, it has duly perfected its appeal to this court.

The first five points presented by appellant relate to the jurisdiction of the district court to hear and determine the appellee's suit for total and permanent disability. The appellant says the only claim appellee made to the Industrial Accident Board, and the only claim passed upon by said Board, was an injury to his right hand, resulting in the loss of the use of his right hand only;

that since appellee filed and prosecuted his claim himself before the Board and at all times material to said claim was a minor, and not sui juris, and since no claim for total and permanent disability could be submitted by him personally to the Board, no such claim of total and permanent disability was ever passed upon by the Industrial Accident Board; that since the appellee was a minor at all times while his claim was pending before the Industrial Accident Board, he did not and could not himself present and prosecute a claim for a general injury and total permanent disability, and the claim presented to the court differed from any claim that could have been presented to or passed upon by the Industrial Accident Board; that since the trial court's jurisdiction in workmen's compensation cases is appellate and not original in nature, and no claim for total permanent disability was or could have been submitted to or passed upon by the Board, it was error for the trial court to render judgment for total permanent disability. Appellant presents these first five points jointly and they will be so considered here.

The appellant presents a most able and logical argument in support of its conclusion that the trial court was without jurisdiction to hear and determine Goines' suit for total and permanent disability. It begins with the rule of law announced in the case of Latcholia v. Texas Employers Insurance Ass'n, 140 Tex. 231, 167 S.W.2d 164, 167, in which the opinion states, in discussing the effect of Section 13 of Article 8306 of our Workmen's Compensation Statute: "* * * that statute negatives the right of a minor employee to institute and prosecute a claim for compensation for total and permanent incapacity in his own name." In its argument it follows the above statement with the ruling in the case of Hartford Accident & Indemnity Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205, 207, which was that "the district court has no jurisdiction to determine a claim for compensation arising under the Workmen's Compensation Act until and unless the Industrial Accident Board has first passed upon such claim." In the Choate case the claimant before the Board had specifically limited the extent

of his claim before the Board to a specific injury and on appeal to the courts he attempted to enlarge his claim so as to sue for 50% permanent incapacity. The appellant argues here plausibly that Goines had under the Latcholia case no power to present to the Industrial Accident Board a claim for total and permanent disability and that under the Choate case the court was limited in its jurisdiction to hear and determine only the claim which was presented and determined by the Board, that is, an injury to Goines' right hand, or some incapacity less than total and permanent.

▆▆▆▆ The flaw in the argument of appellant, as we view it, is the assumption that only a claim for the specific injury to Goines' right hand was passed on and determined by the Industrial Accident Board in this case, or could have been so passed on and determined. The fact that the Board made an award for specific injury does not negative the presumption that the Board considered all matters rightfully coming before it in connection with the injury to Goines. It is true that the appellee did not present to the Board a claim in definite terms for total permanent incapacity. In his affidavit filed in connection with his claim and by physician's-affidavit he claimed total incapacity for work without attempting to specify the duration of such total incapacity other than to say that it continued down to the date of the filing of the affidavit and was "still effective." It can not be doubted that if the Board upon hearing the facts in support of Goines' claim had decided that his disability was total and permanent, under the provisions of the statute the Board would not have been deprived of jurisdiction and the right to pass upon his claim. The law presumes that the Board will give proper protection to the rights of a minor appearing before the Board without a guardian or next friend and without counsel and if it had found total and permanent disability in this case it would have so notified him and would have required the appearance for him of a guardian or next friend. The provisions of the Article of the statute under examination make it clear that its enactment was for the purpose of added protection to a minor

employee who might suffer an industrial injury. It appears from the statements of Goines in his claim before the Board that the type of injury described and the claim as filed by him are such that the claim could ordinarily have been enlarged upon in an appeal to the courts so as to include a general injury and total permanent disability, without question, if the question of minority were not involved. We conclude that Goines' claim before the Board was not expressly limited to the specific injury to his right hand and that although the Board's award was for a specific injury the claim and statements and facts submitted to the Board were of such nature that the Board was not by implication or operation of law precluded from a consideration of a claim for total permanent disability. The appellee then had the right when he became of age, as he did do, to file his suit in the courts for total and permanent disability. We do not believe the trial court erred in overruling the appellant's pleas to the jurisdiction. In reaching this conclusion, it is kept in mind that it has long been an accepted principle that the workmen's compensation law will be liberally construed and legal doctrines liberally applied by the courts, to make effective the basic purposes of the law.

▆▆▆ The appellant's points Nos. 6, 7, 8, 9 and 10 complain in detail of portions of the argument of counsel to the jury. By its points 6 and 7, the appellant contends that counsel for appellee grouped certain of the issues submitted in the court's charge and in his argument informed the jury of the effect of his answers to such issues. By points 8 and 9, it complains of part of the argument which it says was criticism and censure and abuse of one of appellant's counsel. Point No. 10 argues that if neither of such arguments was sufficiently improper by itself to require reversal, taken together they are such as to require reversal. It is noted that no objection was made by appellant to any of the argument of counsel during trial and such argument was first objected to in its amended motion for a new trial. We have examined carefully all of the statements of counsel in his argument which is complained of and believe

that none of them was of such character that an objection to the court and subsequent instruction by the court to the jury could not have cured. The authorities are numerous on this point, beginning with Ramirez v. Acker, 134 Tex. 647, 138 S.W. 2d 1054, and Baker Hotel of Dallas v. Rogers, Tex.Civ.App., 157 S.W.2d 940; Id., 138 Tex. 398, 160 S.W.2d 522, to the effect that failure to make objection amounts to a waiver and no error is presented requiring a reversal. The points are overruled.

■ By its 11th point, appellant. contends that the court erred in submitting special issue No. 21 in its charge, which reads as follows: "How long do you find from a preponderance of the evidence that such total incapacity, if any, has continued or will continue from the date of its beginning, if any?" The appellant argues that the form and manner of the issue was such as to allow the appellee to escape from the burden of proof rightfully imposed upon him. It says that this issue as submitted did not place the burden upon appellee where it rightfully belonged to establish by a preponderance of the evidence that his total incapacity was permanent, but on the contrary put the appellant under the same burden as the appellee. It relies upon the cases of Psimenos v. Huntley, Tex. Civ.App., 47 S.W.2d 622, and Indemnity Insurance Co. v. Boland, Tex.Civ.App., 31 S.W.2d 518. Under the appellee's pleading of total and permanent disability he could have recovered for any lesser degree of disability, including temporary total incapacity and partial permanent incapacity. The issue as quoted above submitted the question to the jury as to the duration of appellee's total incapacity, if any, and properly placed the burden of proof upon him. See Texas Employers' Insurance Co. v. Mallard, Tex.Civ.App., 192 S.W.2d 302, and cases cited therein.

■■ By its 12th and 13th points, appellant complains of that portion of the trial court's charge which instructed the jury that "neither total incapacity nor partial incapacity, as such terms are used herein, can exist where an injury and its effect are confined solely to a hand or arm or where such injury produced only the loss or use of the hand or arm," and says that such instruction informed the jury of the effect upon the judgment of their answers to certain other special issues submitted. The authorities cited by appellant under these points establish the principle that it is error for counsel in his argument to inform the jury as to the legal effect of their answers to special issues. It argues that it is elementary that it is likewise error for the trial court to give the jury any instruction which informs them of the legal effect of their answers. No authority is advanced by it which convinces us that the inclusion of the above instruction in his charge by the trial court requires a reversal of the judgment. In the case of Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463, it is pointed out that where an injury and its effects are confined to a specific member of the plaintiff's body and such injury actually produces total or partial incapacity, nevertheless neither total nor partial incapacity, as defined by the Act, exists. When jurors are called upon to answer the intricate set of questions which are required to be submitted to them in workmen's compensation cases, very frequently they become confused and make confused and conflicting answers unless the trial court by its charge clarifies the wording of some of the issues by appropriate instructions. It is believed that the instruction complained of was a proper one and not subject to the criticism trained upon it by the appellant. See Rule 277, Texas Rules of Civil Procedure.

The judgment is affirmed.