**WARREN v. FORT WORTH & D. C. RY. CO.**

No. 14914.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 23, 1948.

Rehearing Denied Feb. 20, 1948.

Martin, Moore & Brewster and Harris Brewster, all of Fort Worth, for appellant.

Seth W. Barwise, of Fort Worth, for appellee.

HALL, Justice.

Appellant, H. L. Warren, sued appellee, Fort Worth & Denver City Railway Company, in a District Court of Tarrant County, Texas, alleging damages for personal injuries inflicted upon him by appellee's employee, K. M. Patterson, on the night of October 15, 1946. Patterson was employed as a crossing flagman for appellee at the East 17th Street crossing in Fort Worth, Texas, and appellant was employed at the same crossing by the Texas & Pacific Railway Company. The injury was received while the two flagmen were trying to subdue three bandits who had just robbed a man named Lipps, an employee of Bewley Mills, walking down the T. & P. railroad tracks. The appellant was injured by bullets ricocheting from Patterson's gun,

discharged in an effort to halt the fleeing robbers.

The case was tried to a jury, resulting in a judgment for appellee and against appellant based upon the jury's finding to special issue No. 2, to wit: "Do you find from a preponderance of the evidence that K. M. Patterson was acting within the scope of his employment by the defendant, Fort Worth & Denver City Railway Company, upon the occasion in question when the plaintiff was shot?" Answer: "No."

From said adverse ruling appellant perfects this appeal, predicated upon fifteen points of error, designed to secure a reversal of the case.

Point No. 1 is based on the theory that appellant made out a case for the jury's determination on the issue of the scope of the employment of appellee's employee Patterson in firing the shots that injured appellant.

Appellant relies principally upon rule 15 of appellee's Code of Safety Rules in order to place appellee responsible for the acts of its employee, to wit: "Children or other trespassers are not allowed around stations or yards. Trespassing on railroad property is prohibited and employees are expected to use reasonable means to prevent it."

The appellant relies principally upon his own testimony to make out his case against appellee Company, which reflects, in substance, that he saw the three bandits attempting to rob a man some short distance down the T. & P. railroad track, that he ran down to the scene of the crime, drew back his lantern and told them to release the man or he would strike them in the head with his lantern; that the three bandits did release the man and start running toward appellee's tracks; that he, the appellant, pursued them, and at the same time called upon Patterson to assist in stopping them; that Patterson called halt two or three times and started shooting; that two of the bullets ricocheted away from solid objects and struck him while he was about 20 ft. out of the line of fire; after the shooting he told Patterson the following: "I told him * * * I says, 'Pat, you done a damn good job; you fired three shots and hit me with two of them.'" In reply thereto, Patterson made the following statement: "'Oh, I did?' He said, 'Warren, I am sure sorry," and then he commenced telling me * * * he said, 'Those Mexicans were headed towards my defendant's property * * * my company's property,' and he said, 'They didn't have no business over here,' and he said, 'They could have cut that man's throat and left him on my tracks or yours, too.'"

■ We find that the above facts, taken as true and considered in the light most favorable, under the law, to appellant's theory of the case, would not establish a cause of action against appellee Company. In the first place, we do not find that such trespassing of the three Mexicans was of a sufficient nature that warranted the shooting of them; they were neither injuring nor attempting to injure appellee's property but to the contrary they were fleeing as fast as they could across and from appellee's property; therefore, no bullets were necessary in clearing them from same. We find that the appellee Company is not responsible for the acts of its employee in going beyond the scope of his authority in exercising his rights as a citizen in trying to make an arrest of criminals who committed a crime in his presence, and, while doing so, he injured a party. We cannot stretch the meaning of Rule 15, supra, to cover such action of appellee's employee. We do not find his acts, even though, technically speaking, the three Mexicans were trespassers momentarily, were reasonable means to prevent such trespassing as outlined in section 15 of the safety rules of the Company.

Appellant relies upon the holding of the case of Baker Hotel of Dallas v. Rogers, Tex.Civ.App., 157 S.W.2d 940, 942, Supreme Court, 138 Tex. 398, 160 S.W.2d 522, wherein the jury found Hickman, an employee of the Hotel, was not acting within the scope of his employment at the time he injured Rogers. The Rogers case distinguishes itself from the case at bar in that the duty of the employee Hickman was that of a house detective and the court found that Hickman acted within the scope of authority because he was authorized to arrest and detain Rogers, who was an

employee violating a rule of the Hotel. We quote from the Rogers case as follows: "Believing, as he testified he did, that appellee was violating the rule, Hickman was within the scope of his employment in making the arrest and in detaining appellee pending arrival of a representative of the Police Department of the City. This being true, we think it follows, as a matter of law, that appellant would be liable for an assault committed by Hickman in furtherance of the business committed to him, although it may have been unnecessary, ill-advised and wanton, because appellant had set in motion the agency that resulted in the wrong; the assault, if it occurred, grew out of the exercise of an authority which was conferred upon Hickman by the appellant. The pertinent doctrine announced in Wood on Master & Servant, 2d Ed. 566, is that, 'The question is not whether the particular act was authorized, but whether the act done grew out of the exercise of an authority which the master had conferred upon the servant.' "

While there was testimony adduced to the effect that appellee, through its agents, could have by reasonable diligence known that their employee Patterson was carrying a pistol, yet this fact was strenuously denied by appellee; there was no issue submitted to th jury on this question, hence the same is waived.

Appellant's points 2 through 14 complain of the action of the trial court in permitting inadmissible testimony. After carefully considering the record, we are of the opinion that if the trial court had excluded all the testimony complained of by appellant in said points, the remaining testimony would not have supported an affirmative answer to special issue No. 2. These points of error are overruled.

Appellant's point No. 15 on the question of whether or not the appellate court should consider the trial court's certificate to appellant's bills of exception as in the qualification of the bills becomes moot by our decision in disposing of the other fourteen points of error.

This case is somewhat analogous to the following cases cited by appellee: International & G. N. R. Co. v. Anderson, Sup.

Ct., 82 Tex. 516, 17 S.W. 1039, 27 Am.St. Rep. 902; Galveston H. & S. A. Ry. Co. v. Currie et al., S.Ct., 100 Tex. 136, 96 S.W. 1073, 10 L.R.A.,N.S., 367; Southwest Dairy Products Co. v. De Frates et al., Com. of App., 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854.

The judgment of the trial court is affirmed.