218

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Billy GEORGE, Appellee.**

No. 6864.

Court of Civil Appeals of Texas.

Texarkana.

March 1, 1956.

Rehearing Denied March 22, 1956.

Ramey, Calhoun, Brelsford & Hull, Eugene Cavin, Tyler, for appellant.

Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellee.

FANNING, Justice.

Texas Employers' Insurance Association has appealed from a total permanent disability judgment rendered against it in favor of Billy George, appellee, in a workmen's compensation insurance case tried before a jury.

Appellant presents two points. Its first point reads as follows:

"The trial court erred in overruling the objection of defendant's counsel to the argument of plaintiff's counsel stating an improper and prejudicial definition of 'total disability,' and thereby putting its stamp of approval on such improper definition."

The argument in question (incorporated in a bill of exception which was qualified by the trial court as hereinafter outlined) complained of by appellant was as follows:

"What does Judge Berry tell you, when he defined 'total incapacity.' That is what we are talking about. He is either partially incapacitated or totally incapacitated, and they have admitted he is incapacitated to some extent. Now, the judge defines 'total' and he says 'as such term is used in this charge.' And, gentlemen of the jury, don't define it in your own words, what we refer to as being total, the judge says not to do it; he says 'as the word "total" is used in this charge.' It does not imply disability to perform any kind of labor. In other words, Billy George can be capable of earning a living. He can be capable of doing numbers of other kinds of employment and still be totally disabled of performing the kind of work—

"Mr. Cavin: Your Honor, we object to the definition of counsel; the Court's definition is correct but we don't think his definition is correct.

"The Court: I will overrule the objection.

"Mr. Cavin: We accept."

Appellant did not request the trial court to instruct the jury to not consider the above argument.

The trial court qualified defendant's bill of exception with reference to said argument as follows:

"The foregoing bill of exception is approved with the following explanation:

"The objection made by defendant's counsel was to attorney Smith's remark as to total incapacity, and there was no request made to the court that the court withdraw the remark from the jury's consideration; there was no objection to attorney Smith's remarks on the identical matter later on in his argument; the Court allowed the arguments complained of as an answer to defendant's attorney Cavin's argument to the effect that the test for incapacity was whether or not the plaintiff could make as much money now as he could before the injury; and finally, the Court concluded from the whole case that the argument complained of was not reasonably calculated to cause, and did not cause, the rendition of an improper judgment.

"The foregoing bill of exception having been reduced to writing by the attorney for said defendant and having been presented to the court for allowance and signature within the time required by law, and said bill of exception, as qualified, having been by me submitted to adverse counsel and found by him to be correct, and having been by me found to be correct as qualified, is hereby, as qualified, allowed, approved and ordered filed by the Clerk of this court as part of the record in such cause, this 6th day of Sept. 1955.

"/s/ Charles D. Berry
Judge, Eighth Judicial District
Court Presiding."

The appellant did not except to the trial court's qualification of his said bill of exception.

The greater portion of the above argument merely emphasized that the jury was to define the term "total incapacity" as the term was used in the court's charge which of course was in all things proper. The remainder of attorney Smith's argument apparently was in answer to the argument of defendant's attorney "to the effect that the test for incapacity was whether or not the plaintiff could make as much money now as he could before the injury" as certified by the trial court in his qualification to defendant's bill of exception which was not excepted to. The trial court's qualification to the bill of exception also stated that no request was made of the court to instruct the jury to not consider the argument in question and that there was no objection to attorney Smith's argument on the identical matter later on in his argument. The

record further shows that appellant also never requested the trial court to instruct the jury to not consider such subsequent argument along the same line. The trial court further stated in his qualification that he concluded from the whole case that the argument complained of was not reasonably calculated to cause and did not cause the rendition of an improper judgment.

In King v. Federal Underwriters, 144 Tex. 531, 191 S.W.2d 855, 856, it is stated:

> "The further argument of counsel along the same lines, which was made after the court had sustained the objection to the prior argument, does not appear to have been objected to, and the court was not requested to instruct the jury not to consider same. Under these circumstances no reversible error is presented."

█ If the argument in question was improper it is our view that under the record in this case and under the trial court's qualification to the defendant's bill of exception, to which qualification defendant did not except, the error, if any, was invited by and waived by the appellant.

█ We are of the further opinion that in the light of the record as a whole the argument in question, if improper, was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in the case; and if error, would not constitute reversible error. Rules 434 and 503, Texas Rules of Civil Procedure; Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Benefit Ass'n of Railway Employees v. Dahn, Tex.Civ.App., 272 S.W.2d 762, error ref., N.R.E.; Roosth & Genecov Production Co. v. White, Tex. Civ.App., 281 S.W.2d 333, error ref., N.R.E. Appellant's first point is overruled.

Appellant by its second point contends that the trial court erred in sustaining the objection of plaintiff's counsel and refusing to allow defendant's counsel to request plaintiff to study his deposition after leaving the witness stand and to come back later and state whether he had found any statement in his deposition about pains radiating down his legs, etc. The record shows that defendant's counsel rather extensively cross-examined plaintiff George about this matter without any curtailment of legitimate cross-examination by the trial court and the record shows that George testified that he did not remember whether he had stated in his deposition whether he had said therein anything about pains radiating down his legs. The record will also reveal from a reading of the whole deposition brought forward as part of defendant's bill of exception No. 2, *that defendant's counsel never asked George any questions about pains radiating down his legs during the taking of George's deposition by defendant.* (George's counsel did not ask him any questions in said deposition.) Defendant's counsel also had the whole deposition available when he was cross-examining George at the trial and could have offered in evidence the whole of the deposition, or portions thereof, if he had seen fit to do so. However, defendant did not offer in evidence at the trial of this cause the whole deposition of. George or any part thereof, but has merely brought the deposition forward in the record only as a part of a bill of exception.

We quote from 44 Tex.Jur., sec. 178, p. 1146, as follows:

> "The matter of cross-examination, including the conduct and extent thereof, being left largely to the discretion of the trial judge, his ruling will not be disturbed if not arbitrarily and unreasonably made. * * *"

█ Appellant has cited no authority which supports its second point. We have carefully examined the record and we think the record in this cause clearly shows that the able and learned trial judge did not abuse his discretion in the matter complained of. We think appellant's second point is without merit and certainly does not present reversible error under the record in this cause.

The judgment of the trial court is affirmed.