**TRAVELERS INSURANCE COMPANY,**
**Appellant,**

v.

**Cullie U. JACKSON, Appellee.**

**No. 7260.**

Court of Civil Appeals of Texas.
Texarkana.

Feb. 7, 1961.

Rehearing Denied Feb. 28, 1961.

Moore & Lipscomb, Paris, for appellant.

Howard S. Smith, Sulphur Springs, Leslie R. Echols, Paris, Woodrow H. Edwards, Mt. Vernon, for appellee.

DAVIS, Justice.

This is a workmen's compensation case. Plaintiff-appellee, Cullie U. Jackson, sued the appellant-defendant, The Travelers Insurance Company, for total permanent disability as the result of an accident on August 29, 1958, while appellee was working for The Babcock & Wilcox Company. Appellee alleged that he was pulling on a bar which came loose, causing him to fall backwards onto the legs of some steel sections. He alleged striking the sections and landing on his back across the same. He further alleged that a manifest hardship would result if payment of compensation was not made to him in a lump sum.

The case was tried before a jury which answered all issues in favor of the appellee, and a judgment was entered accordingly. The appellant has perfected its appeal and brings forward twelve points of error.

By its first point, appellant contends that the trial court erred in failing to set aside the verdict of the jury because it is against the great and overwhelming weight of the evidence. It relies upon the Supreme Court case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. We are well acquainted with that decision, and with the "no evidence" and "insufficient evidence" Rule of Chief Justice Robert W. Calvert, 38 T.L.R., No. 4, p. 361. Reviewing the statement of facts with these thoughts in mind, we find that all evidence is sufficient to support the jury's finding, and is not against the great and overwhelming weight of the evidence. The point is overruled.

By its point 2, the appellant complains the trial court erred in permitting the appellee to testify he was examined before he went to work, as the same constituted no proof he was injured, and was prejudicial to appellant. It relies upon the theory of res inter alios acta (things done between strangers). In this case, the employee was employed by The Babcock & Wilcox Company, and appellee was required to have an examination. They sent the appellee to a doctor who examined him for the company. The record does not show that the doctor was an agent or a doctor for the appellant, but the testimony was not objected to on that theory. The objection of the appellant was that the testimony was irrelevant and immaterial as to whether or not he underwent a physical examination before he went to work.

On further comment to the court, the appellant has this to say: "I know and it leaves that inference with the jury estab-

lishing something that wouldn't be established by such examination as they do when they go down to work for this or any other company. We don't think it is the proper way to prove anything. He testified that his back didn't bother him before he went to work. Now this is in the nature of hearsay, testifying as to something else that was done on the basis of a set of facts which would be necessarily conclusions because we don't know what it was."

17 Tex.Juris. 379, Sec. 131 is as follows:

"Res inter alios acta (things done between strangers) are incompetent evidence. This rule precludes the introduction of evidence of transactions by which the proponent was in no way affected and to which he was in no sense a party, or evidence of transactions with which the parties against whom it is offered are not connected. Ordinarily therefore, proof of the acts of, or transactions between, strangers, or as to independent and disconnected acts or conduct by one of the parties to the suit, or of contracts or other transactions between either of the parties to a suit and strangers, is within the rule of res inter alios acta and inadmissible."

It does not seem that this theory of the law exactly fits the transaction between the parties prior to the employment.

17 Tex.Juris. 378, Sec. 130 is as follows:

"Evidence as to prior transactions between the parties is admissible where it tends to illustrate the transaction in question, or to show the existence of a claimed relation between them, or where the question of intent or knowledge is material, or where it is offered to explain a party's conduct in other transactions shown by the adverse party. * * *"

The occasion was a transaction between the parties involved that made it necessary that appellee be examined prior to his employ-

ment. The testimony was admissible. The point is overruled.

Appellant's point 3 is multifarious, without merit, and is overruled.

By its fourth point, appellant complains of the action of the trial court in permitting certain witnesses to give negative hearsay testimony that, before the occurrence in question, they had never heard the appellee complain of physical ailments. Under the position taken by the appellant in the case, the testimony was admissible. Texas Employers' Ins. Ass'n v. Locke, Tex. Civ.App., 224 S.W.2d 755, w. r., n. r. e.; McCormick and Ray, Texas Law of Evidence, 2 Ed. Vol. 1, p. 582, Sec. 974. The point is overruled.

Appellant's fifth, sixth and seventh points are without merit and are overruled.

Appellant, by his eighth and ninth points, complains of the action of the trial court in "refusing to submit special issues". He submits certain "special instructions" which the court refused to give. It is doubtful that the point is such that should be considered. All the special instructions that should have been given by the court were in the charge. The appellant's objections to refusing to give the "special instructions" are without any merit. The point is overruled.

By its tenth point, appellant complains of the action of the court in overruling its objections 4 and 8B, to the charge. This point is multifarious, without merit, and is overruled.

By its eleventh point of error, appellant complains of the action of the trial court because he refuses to grant a mistrial on the grounds of certain alleged unsworn testimony given by the attorney for the appellee in his closing argument. He filed a bill of exceptions, but the trial court qualified the same. The argument was invited, was not objected to, and the trial court was not asked to withdraw it from the jury. Texas Employers' Ins. Ass'n v. George,

**738**

Tex.Civ.App., 288 S.W.2d 218, w. r., n. r. e.; Texas Employers' Ins. Ass'n v. Logsdon, Tex.Civ.App., 278 S.W.2d 893, w. r., n. r. e. The point is overruled.

By its twelfth point of error, appellant complains of the action of the trial court in overruling his motion for mistrial, and in the alternative to retire the jury for further consideration of the verdict when one of the jurors, while being polled, was asked whether or not the verdict was in truth and fact her verdict. She asked if she could answer that in her own words. Upon being questioned about the verdict, she testified that she had willingly agreed to it along with the other jurors. There was no showing that an advance agreement was made that the majority would control. Bardwell v. Anderson, Tex.Civ.App., 325 S.W.2d 929, w. r., n. r. e. The point is overruled.

The judgment of the trial court is affirmed.