**ARGONAUT INSURANCE COMPANY,**
Appellant,

v.

**Dawson NEWMAN, Appellee.**

No. 3882.

Court of Civil Appeals of Texas.

Waco.

July 13, 1961.

Rehearing Denied Aug. 17, 1961.

William B. Henley, Jr., Dallas, Charles E. Reagan, Marlin, for appellant.

Rex Houston, Henderson, for appellee.

McDONALD, Chief Justice.

This is a compensation case. Parties will be referred to as in the Trial Court. Plaintiff alleged injuries to his left leg, left foot, ankle, toes, back, and body in general, and that such injuries resulted in total permanent disability. Trial was to a jury which, in answer to special issues, found that plaintiff was totally and permanently incapacitated to work. The Trial Court entered judgment on the verdict for $11,507 (less $1,150 paid plaintiff in weekly compensation).

Defendant Insurance Carrier appeals on 12 points presenting the following basic contentions:

1) The Trial Court erred in submitting Issues 1 through 8 because the pleadings do not support this submission.

2) The Trial Court erred in rendering judgment for total and permanent disability because affirmative answers to Issues 1, 2 and 3 will not support such judgment.

3) There is no evidence or insufficient evidence to support the submission of Issues 1 through 8.

4) The judgment for total permanent disability has no support or insufficient support

in the evidence, the evidence only showing a specific injury to the left foot and toes.

5) The argument of plaintiff's counsel was improper.

6) Certain instructions given by the Trial Court to the jury were improper.

7) The jury's verdict is in conflict.

We revert to defendant's contentions 1 through 4, to the effect that Issues 1 through 8 have no support in the pleadings or evidence; and that the jury's findings to such issues will not support a judgment for total permanent disability. In this connection defendant contends that the evidence supports only a finding of specific injury to plaintiff's left foot and toes.

The jury's verdict is summarized as follows:

1) The injury to plaintiff's toes and foot on 13 November, 1959 naturally resulted in his incapacity.

2) Plaintiff's incapacity to work is total.

3) Plaintiff's incapacity to work is permanent.

4), 5), 6), 7), and 8) Not answered.

9) Plaintiff's injury did not result in total loss of the use of his toes.

10) and 11)  Not answered.

12) Plaintiff's injury did not result in partial loss of the use of his toes.

13) and 14)  Not answered.

15) Such partial loss of use is 100%.

16) The injury to plaintiff's toes extended to and affected his left foot, thereby causing incapacity.

17) The injury to plaintiff's foot has not resulted in total loss of said foot.

18) and 19)  Not answered.

20) Plaintiff will not suffer any partial loss of the use of his left foot.

21), 22), and 23)  Not answered.

24) The injury to plaintiff's foot extended to and affected his left leg, thereby causing incapacity.

25) Plaintiff's injury has not resulted in total loss of the use of his left leg.

26) and 27)  Not answered.

28) Plaintiff's injury has not resulted in partial loss of the use of such leg.

29), 30) and 31)  Not answered.

32) The injury to plaintiff's leg extended to and affected parts of his body other than the leg.

33) Incapacity to plaintiff's foot was not caused solely by the loss of use of toes on such foot.

34) Incapacity to plaintiff's leg was not caused solely by the loss of the use of the foot on such leg.

35) Plaintiff's incapacity was not caused solely by the loss of use of his left leg.

36) Plaintiff's incapacity to work was not caused solely by his use or attempted use of his toes.

37) Plaintiff's incapacity to work was not caused solely by his use or attempted use of his injured foot.

Plaintiff plead that he *"accidentally* sustained serious and permanent injuries and trauma to his body while working * * *, his injuries naturally resulting in total and permanent disability and incapacity. * * His left foot and ankle were suddenly caught beneath a walk, causing him to receive a broken foot, 2 broken toes, a seriously injured leg, *which resulted in serious and disabling injuries to his back and his body in general.* * * * These injuries have extended into and have disabled his low back and his body in general * * *."

■ The pleadings not only support submission of Issues 1 through 8, but support submission of all issues submitted by the Trial Court. The proof is ample to sustain the jury's answers to the issues submitted. We think the findings of the jury support

the judgment of total and permanent disability. Defendant's real complaint here is embodied in its contention that the evidence supports only a finding of specific injury to his left foot and toes. It is true that his injury on 13 November, 1959 was to his toes and to his left foot. But the plaintiff plead, the jury found, and the evidence is ample to support the finding that the injuries sustained extended and affected other parts of his body; and that plaintiff's incapacity to work was total and permanent. The record reflects plaintiff was injured on 13 November, 1959. Trial was 3–5 October, 1960. Plaintiff testified he could not work; that his left hip and lower back hurt, as well as his leg and foot; that his situation was growing worse. Defendant paid plaintiff some $1,150 in weekly compensation; and had him treated by Dr. Crossno of Fairfield; Dr. Henry of Dallas; and Dr. Freiberg of Tyler. Dr. DeCharles testified that plaintiff had *myocitis* in the leg and hip and that it was disabling; and that plaintiff is totally disabled at the time of trial from working. Dr. Jones testified he found plaintiff's cervical sacroiliac "busted" in the area of the right sacrum; that plaintiff was disabled in his back and hip; and that he would not pass the plaintiff for work.

■ We think the evidence sufficient to sustain the jury's findings of total and permanent disability. See: Aetna Cas. & Sur. Co. v. Dickinson, Tex.Civ.App., 266 S.W.2d 427, n. r. e.; Texas Emp. Ins. Ass'n v. Trapp, Tex.Civ.App., 258 S.W.2d 112, n. r. e.; American Motorists Ins. Co. v. Black, Tex.Civ.App., 253 S.W.2d 678, n. w. h.; Lumbermen's Mutual Cas. Co. v. Zinn, Tex. Civ.App., 220 S.W.2d 906, W/E Ref.; Insurance Co. of Texas v. Anderson, Tex.Civ. App., 272 S.W.2d 772, 774, n. r. e.

In the Anderson case, supra, this court said:

"There is no fixed rule of evidence by which a claimant is required to establish the fact that he has suffered an injury that caused permanent and total disability. * * * The duration and extent of disability received from an injury is at best an estimate which must be determined by a jury from all the pertinent facts before it. * * *

"The issue as to disability may be established by the plaintiff alone, * * *"

Defendant's contentions 1 through 4 are overruled.

■ Defendant's 5th contention complains of the argument to the jury of plaintiff's counsel. The principal argument complained of was counsel's telling the jury that certain of the issues submitted were *"defensive issues raised by the defendant's pleadings and requested by the defendant."* We have carefully considered the argument objected to and conclude that same was harmless under Rules 434 and 503, Texas Rules of Civil Procedure. From the record as a whole, it is impossible to conceive how the argument complained of could have "Probably resulted in the rendition of an improper judgment." See Aultman v. Dallas Ry. & Ter. Co., 152 Tex. 509, 260 S.W. 2d 596; Old Colony Ins. Co. v. Messer, Tex. Civ.App., 328 S.W.2d 335, n. r. e.; Lumbermen's Lloyds v. Loper, 153 Tex. 504, 269 S.W.2d 367. Defendant's 5th contention is overruled.

Defendant's 6th contention is levelled at certain of the Trial Court's instructions to the jury. After the jury had been out for a period of time they returned into court with their verdict. Certain of the jury's answers were in conflict. The Trial Court instructed the jury that the answers to certain issues were in conflict and then stated: *"The court does not desire to indicate how you shall answer the special issues, but only to point out the conflict in your answers: so, as stated in the main charge, you must answer the special issues as you find the facts to be and you are entirely free to make any answer to any issue in the court's charge as you may find from a preponderance of the evidence, and you will return to the jury room and reconcile your answers."* The jury returned to the

jury room and thereafter returned the verdict in the case.

■ We find no error in the instruction given. See: Superior Ins. Co. v. Owens, Tex.Civ.App., 218 S.W.2d 517, n. r. e.; Texas Emp. Ins. Ass'n v. Trapp, Tex.Civ. App., 258 S.W.2d 112, n. r. e.; Texas Emp. Ins. Ass'n v. Melton, Tex.Civ.App., 304 S. W.2d 453, n. r. e.; Liberty Mutual Ins. Co. v. Taylor, Tex.Civ.App., 244 S.W.2d 350, n. w. h.; Texas Emp. Ins. Ass'n v. Goines, Tex.Civ.App., 202 S.W.2d 487, n. r. e.

■■ Defendant's 7th complaint is that the verdict of the jury is in conflict. We fail to perceive any irreconcilable conflict in material issues in such verdict. The issues are not arranged in the manner in which many courts submit them. There is, however, no error in this. Moreover, defendant made no objection to the arrangement of the issues.

All of defendant's points and the contentions thereunder made are overruled, and the judgment of the Trial Court is affirmed.