The TRAVELERS INSURANCE
COMPANY, Appellant,

v.

Bobby Joe HURST, by Next Friend,
A. G. Hurst, Appellee.

No. 7405.

Court of Civil Appeals of Texas.

Texarkana.

June 12, 1962.

Rehearing Denied July 17, 1962.

**884**

Moore & Lipscomb, Paris, for appellant.

Peyton A. Ellison, F. D. Wear, T. D. Wells, Paris, for appellee.

FANNING, Justice.

Appellant insurance company has appealed from a judgment rendered pursuant to the verdict of a jury in a workmen's compensation insurance case wherein appellee Bobbie Joe Hurst was awarded a recovery of $8,000.02.

■ Appellant by its first point contends that the trial court erred in overruling its plea in abatement. This plea was based on the contention that the trial court did not have jurisdiction because appellee's claim before the Industrial Accident Board was filed by appellee when he was a minor and not by guardian or next friend. The Board accepted the filing and rendered a final award, awarding appellee certain stated compensation benefits. Appellee gave timely notice of appeal and by his father as next friend timely filed suit in the trial court to set aside the award of the Board. We do not believe that the trial court erred in overruling appellant's plea in abatement. In reaching this conclusion, it is kept in mind that it has long been an accepted principle that the workmen's compensation law will be liberally construed and legal doctrines liberally applied by the courts, to make effective the basic purposes of the law. In connection with the question raised by appellant's first point see Texas Employers Ins. Ass'n v. Goines, Tex.Civ.App., 202 S. W.2d 487, wr. ref., n. r. e. Appellant's first point is overruled.

Appellant by its 2nd, 3rd and 4th points in essence raises "no evidence", "insufficient evidence" and "against the great weight and preponderance of the evidence" points. For a comprehensive discussion of the principles of law applicable to the determination of such character of points see Chief Justice Calvert's article, " 'No Evidence' and 'Insufficient Evidence' Points of Error", 38 Tex.Law Rev., No. 4, p. 361.

There was ample evidence of probative force to sufficiently support the jury's findings that appellee sustained an accidental injury during the course of his employment and the same was not so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

The principal controversy between the parties seems to be the nature and extent of the injuries and disabilities, if any, sustained by appellee.

According to the testimony of the three doctors placed on the stand by appellant, the plaintiff's injuries, if any, were minor, and his disabilities, if any, were of a minor temporary nature, and according to their opinion, plaintiff-appellee was able to work.

However, on the other hand, according to plaintiff-appellee's own testimony he sustained an accidental injury from a fall during the course of his employment resulting in painful, serious and disabling injuries to his back. Appellee's testimony was also corroborated in material respects by lay testimony given by his wife, father and mother. Appellee's testimony as to his injuries and disabilities was also corroborated in material respects by a doctor whose medical testi-

mony given by deposition was placed in evidence by plaintiff-appellee.

■ The jury was the judge of the credibility of all of the witnesses, including the doctors, and of the weight to be given their testimony. It was for the jury to weigh and consider the testimony of the doctors and to give credence to such portions of the same as they determined in the proper exercise of their jury function. It is well settled law in this state that expert testimony is not required to uphold a finding of injury. Coca Cola Bottling Company of Fort Worth v. McAlister, Tex.Civ. App., 256 S.W.2d 654; Dallas Ry. & Term. Co. v. Enloe, Tex.Civ.App., 225 S.W.2d 431, wr. ref. n. r. e.; Armour & Co. v. Tomlin, Tex.Civ.App., 42 S.W.2d 634, affirmed Tex. Com.App., 60 S.W.2d 204; Verhalen v. Nash et al., Tex.Civ.App., 330 S.W.2d 676, wr. ref., n. r. e.

Appellant's own testimony as to his injuries and serious disabilities constitutes evidence of probative force. The corroborating lay testimony also was evidence of probative force. The testimony of appellee and his lay witnesses was sufficient to support the verdict of the jury. Also the testimony of appellee's medical witness corroborates appellant's testimony as to his injuries and disabilities in material respects and to at least a substantial extent.

After carefully considering the entire record in this cause in the light of the rules announced in the case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, it is our view that the jury's verdict is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

Appellant's 2nd, 3rd and 4th points are overruled.

■ By its 5th point appellant contends that the trial court erred in permitting appellee's counsel to ask leading questions. Many of the questions complained of were not objected to; the trial court sustained objections to the large majority of the questions objected to by appellant as being leading, and in several instances the trial court instructed the jury to not consider the answers to such questions. It is a well recognized principle that the allowance of leading questions is a matter resting largely within the discretion of the trial court and in Texas the case will not be reversed in the absence of a showing of abuse of discretion. McCormick & Ray, Texas Law of Evidence, Vol. 1, p. 457. Appellant's 5th point does not present reversible error under this record and is overruled.

■ We do not perceive reversible error in the action of the trial court in permitting appellee to introduce in evidence the x-rays taken by appellee's medical witness, who testified by deposition, in view of the agreements made by appellant in the taking of the deposition, and in court, and in view of the explanation of such x-rays made by said medical witness in the deposition. Appellant also has not cited any authority in support of its 6th point. Appellant's 6th point is overruled.

■ By its 7th point appellant contends that the trial court erred in permitting appellee's witness Wood to testify he did not know of any work done by the appellee subsequent to the date of the claimed injury. The question asked of the witness Wood and the answer the witness gave are as follows:

"Q. As far as you know, has he done any work for anyone else?

"A. I don't know."

In view of Mr. Wood's answer, "I don't know", we fail to perceive how appellant was harmed thereby. Appellant's 7th point is overruled.

By its 8th point appellant contends that the trial court erred in permitting the appellee to cross-examine appellant's medical witness Dr. Townsend respecting a pre-employment examination of the appellee for Lamar Equipment Company (the employer of appellee).

The record reveals that the trial court sustained objections of appellant to various features of appellee's cross-examination of Dr. Townsend with respect to the matter complained of. Appellee's counsel on cross-examination asked Dr. Townsend if he made a physical examination of appellee for the above referred to company on July 15, 1959 (a time prior to the injury sued on here), which was answered affirmatively and the court permitted him to answer a question in which answer Dr. Townsend stated to the effect that the said examination was one to see whether he (appellee Hurst) was able to drive a truck, and as far as he could tell, he was at that time. Prior to this cross-examination, appellant's counsel previously had inquired of appellee Hurst with respect to whether Hurst had had motor vehicle accidents in 1958 and 1959. The limited cross-examination on this matter allowed by the trial court does not constitute reversible error under this record. See Travelers Insurance Company v. Jackson, Tex.Civ.App., 343 S.W.2d 735, wr. ref., n. r. e. Appellant's 8th point is overruled.

We also hold that the trial court did not err in refusing to permit appellant to ask its medical witness Dr. Ball the question stated in its 9th point because such question contained matters of fact or evidence not in the record at that time and the proper predicate was not laid for such question at the time it was asked. Also under Rule 434, Texas Rules Civil Procedure, the matter complained of is deemed harmless under the entire record in the cause. Appellant's 9th point is overruled.

We also hold that the trial court did not commit reversible error in permitting appellee to introduce in evidence on rebuttal portions of the deposition of his medical witness, Dr. Jackson, as it is largely discretionary for the trial court to permit the introduction of testimony out of order. Trial, Civil Cases, 41B Tex.Jur., Sec. 91, p. 124. Appellant's 10th point is overruled.

Appellant's 11th, 12th and 13th points in essence complain of the following matters:

(11) failure of the trial court to submit a special issue requested by appellant; (12) the trial court's overruling of appellant's objections to special issue No. 8; and (13) the trial court's overruling of appellant's objections to the conditional submission of certain special issues in the court's charge. It is our view that the trial court's charge fairly, adequately and sufficiently submitted the case to the jury under the record in this case. It is our further view that the matters complained of by appellant in its points 11, 12 and 13, were not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in the cause and that none of said points present reversible error. Rule 434, T.R.C.P. Appellant's 11th, 12th and 13th points are overruled.

Appellant, by its points 14 to 19, incl., complains of jury argument made by attorneys for appellee. The argument complained of by point 14 is shown in a bill of exception which shows no ruling was made by the court on the objection made and the bill is qualified by the trial court stating that the argument in question was invited by the argument of appellant's counsel. The bill of exception in connection with appellant's 15th point likewise shows no ruling was made by the court on the objection made. The bill of exception in connection with appellant's 16th point is qualified by the trial court stating to the effect that no objection was made or exception taken to the argument at the time it was made and that no request was made to withdraw the cause from the jury and discharge the panel either at the time the argument was made or prior to the time the jury retired to consider its verdict.

Appellant's 17th point complains of the following quoted argument of appellee's counsel:

"Now Mr. Moore complained about the comment about the 99 per cent doctor. Well I just read it because I don't want to mis-quote it, and I don't like to quote the testimony. In the first place I

found a long time ago that you twelve people can remember the testimony a lot better than I can, I might make a mistake, so I had the court reporter type out for me here part of Dr. Butte's testimony and this is when I cross-examined him, says, 'Well you testify mostly for insurance companies don't you doctor?' And this is the answer he gave me first. 'I expect more for insurance companies than plaintiffs except it is not entirely one-sided.' He said at first 'it is not one-sided entirely' put that in. And I said 'It is pretty much one-sided to be perfectly fair about it isn't it, Doctor' and this is what Dr. Butte answered, he said 'Well I expect I testify a good many more times for insurance companies than for plaintiffs in 99 times out of a hundred cases I have sat on.' In other words he sits up here and tells you that he has testified at least a hundred times, I take it from that, and 99 times of those and maybe more, it has been for insurance companies".

The bill of exception in connection with appellant's 17th point, complaining of the above quoted argument, was qualified by the trial court as follows:

"(1) No objection was made or exception taken to the argument by counsel for the defendant. The Travelers Insurance Company, at the time the argument was made or before the jury retired to consider its verdict.

"(2) The foregoing argument was invited by and made in reply to the argument of the Hon. Hardy Moore, counsel for the defendant, who made the second of the two arguments for the defendant, and in such argument stated and argued to the jury as follows:

"Is there anyone in this jury box who wouldn't be willing to trust himself and his family in the hands of Dr. Butte? Are you going to say, as I believe that you will say, that 'Dr. Butte is a first class doctor, I would be willing for

him to operate on me, I would be willing for him to treat me'; and because he comes into a court room and testified, that you are going to say that the very doctor I feel is first class, I am not going to believe, I am going to say he is a 99 per cent insurance company doctor and he is not worthy of belief?"

The bill of exception in connection with appellant's 18th point is qualified by the trial court stating to the effect that no objection was made or exception taken to the argument there in question at the time the argument was made or before the jury retired to consider its verdict and that the argument complained of was in reply to and invited by the argument of counsel for appellant.

The bill of exception in connection with appellant's 19th point is qualified by the trial court stating to the effect that the trial court sustained appellant's objection to such argument and instructed the jury not to consider the argument for any purpose.

We have carefully examined the arguments complained of by appellant in its points 14 to 19, incl., in the light of the qualifications made by the trial court to the bills of exception above referred to, as well as in the light of the record as a whole, and are of the opinion that the said arguments in question neither singly nor collectively would constitute reversible error under the record in this case. Rules 434 and 503, T.R.C.P.; Aultman v. Dallas Ry. & Term. Co., 152 Tex. 509, 260 S.W.2d 596; Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404; Whitener v. Traders & General Ins. Co., 155 Tex. 461, 289 S.W.2d 233; Walker v. Tex. Emp. Ins. Ass'n, 155 Tex. 617, 291 S.W.2d 298. Appellant's points 14 through 19, incl., are overruled.

Appellant's 20th point in essence contends that the trial court erred in overruling appellant's motion for mistrial because appellee's counsel in argument read to the jury the court reporter's transcript of

the testimony of Dr. Butte showing to the effect that said Doctor had testified for insurance companies in "99 times out of 100 cases *I have sat on*", with appellant contending that such testimony was incorrectly transcribed and that the reporter's recording device would show that the testimony of Dr. Butte in connection with this matter was as follows: "Well I expect I testify a good many more times for insurance company than for plaintiff. *Ninety-nine out of a hundred cases are settled.*" Appellant's 21st point in essence contends that the trial court erred in overruling appellant's motion to recall the jury and read to it the above referred to testimony which appellant contended was the correct testimony of Dr. Butte.

The Statement of Facts, not being agreed to by counsel for the parties, was certified to by the trial judge and with respect to the above referred to testimony of Dr. Butte, reads in part as follows:

"Q. Well, you testify mostly for insurance companies, don't you doctor?

"A. Well I expect more for insurance companies than for plaintiffs but it's not entirely one-sided.

"Q. It is pretty much one-sided to be perfectly fair about it, isn't it, Doctor?

"A. Well, I expect I testify a good many more times for insurance companies than for plaintiffs, in 99 out of a hundred cases I have sat on. (The above answer as taken down by the reporter in shorthand, is the matter in controversy between plaintiff and defendant, defendant contending that the answer made by the witness was as follows: 'Ninety-nine out of a hundred cases are settled'. The Court Reporter, in addition to her shorthand notes, also used a tape recorder, and such tape recording of the testimony of the witness Dr. Butte is transmitted with this Statement of Facts to the Court of Civil Appeals.)"

The bill of exception in connection with the matters raised by appellant's points 20 and 21 was qualified by the trial court as follows:

"1. While the jury was deliberating, counsel for defendant moved to declare a mistrial. No request for the Court to hear testimony on the motion was made, no witnesses were sworn and no testimony was offered or heard by the Court in connection with this motion.

"2. While the jury was deliberating, counsel for the defendant, The Travelers Insurance Company, contended that certain testimony of its witness Dr. Butte was incorrectly transcribed by the Court reporter and moved the Court that the Court recall the jury and read to the jury the following as the testimony of Dr. Butte:

" 'A. Well, I expect I testify a good many more times for insurance company than for plaintiff. 99 out of 100 cases are settled'.

"No witnesses were sworn or testimony offered or heard by the Court in connection with such motion.

"3. While the jury was deliberating, counsel for defendant asked the Court reporter to play back the tape recording, which was taken in addition to her short-hand notes, in the courtroom, the Judge being in the courtroom, but not on the bench at such time, of the testimony of its witness Dr. Felix Butte, the Judge being invited by defendant's counsel to hear the tape recording."

It is our best judgment that appellant's points 20 and 21, when considered in the light of the trial court's qualifications to the bill of exception above referred to, and in the light of the record as a whole, do not constitute reversible error under Rule 434, T.R.C.P. Appellant's 20th and 21st points are overruled.

The judgment of the trial court is affirmed.