**BANKNOTE CLUB AND STAN'S BOILERMAKER, Appellants,**

v.

**CITY OF DALLAS, Appellee.**

No. 20306.

Court of Civil Appeals of Texas, Dallas.

Sept. 30, 1980.

Rehearing Denied Oct. 28, 1980.

E. Eugene Palmer, Austin, for appellants.

Carroll R. Graham, Asst. City Atty., Dallas, for appellee.

Before AKIN, CARVER and STOREY, JJ.

CARVER, Justice.

Banknote Club, a private club holding a permit from the Texas Alcoholic Beverage Commission to sell alcoholic beverages, and Stan's Boilermaker, a public establishment also holding a permit to sell alcoholic beverages, sought an injunction to prevent the City of Dallas from applying to them regulatory city ordinances, with fees, relative to dance halls and theaters, on the ground that the state legislature had pre–empted the regulation of permittees to the exclusion of regulation by the City. The trial court denied relief. We affirm and hold that the legislature, in creating the Texas Alcoholic Beverage Code, only pre–empted the regulation of its permittees while engaged in

the sale of alcoholic beverages but left to regulation by local government of any other occupation in which the same permittee might choose to engage on the same premises.

Neither party raises any factual dispute. The record reflects that the Banknote Club is a private club in the City of Dallas and currently holds a permit issued by the Texas Alcoholic Beverage Commission to dispense alcoholic beverages to its members under the statutory provisions of the Texas Alcoholic Beverage Code and under the regulations of the Commission created thereby. The record reflects that Stan's Boilermaker currently holds a mixed beverage permit, including late hours, and a beverage cartage permit under the same statutory and regulatory authorities. The Banknote Club has facilities and music to enable its members to dance while Stan's Boilermaker provides live entertainment to its patrons. The City of Dallas has provided since 1961 for the regulation, with fees, of "dance halls" in Chapter 14 of its ordinances and for the regulation, with fees, of "theaters" in Chapter 46 of its ordinances. Neither the City's authority to regulate these activities, nor the reasonableness of the regulations, nor the appropriateness of the fees are challenged. The Banknote Club and Stan's Boilermaker urge only that when the legislature passed the Texas Alcoholic Beverage Code, it pre–empted the field of regulation of permittees to the exclusion of any regulation by the City.

The permittees rely upon Tex.Const. art. XI § 5 which provides in pertinent part that "no charter or any ordinance passed under said charter shall contain any provision *inconsistent* with . . . the general laws enacted by the Legislature." (emphasis added) The permittees also rely on the Alcoholic Beverage Code § 1.06 and § 11.38(a) and (c) (Vernon 1978) which we quote in pertinent part as follows:

Section 1.06

Unless otherwise specifically provided by the terms of this code, the manufacture, sale, distribution, transportation, and possession of alcoholic beverages shall be governed *exclusively* by the provisions of this code.

(emphasis added.)

Section 11.38(a) and (c):

(a) The governing body of a city or town may levy and collect a fee not to exceed one–half the state fee for each permit issued for premises located within the city or town. The commissioners court of a county may levy and collect a fee equal to one–half of the state fee for each permit issued for premises located within the county. *Those authorities may not levy or collect any other fee or tax from the permittee except general ad valorem taxes, the hotel occupancy tax* levied under Chapter 63, Acts of the 59th Legislature, Regular Session, 1965, as amended (Article 1269j–4.1, Vernon's Texas Civil Statutes), *and the local sales and use tax* levied under the Local Sales and Use Tax Act, as amended (Article 1066c, Vernon's Texas Civil Statutes). (emphasis added.)

(c) Nothing in this code shall be construed as a *grant* to any political subdivision of the authority to *regulate* permittees except by collecting the fees authorized in this section and exercising those powers granted to political subdivisions by other provisions of this code. (emphasis added.)

The permittees reason that chapters 14 and 46 of the Dallas City Code are "inconsistent" with the Alcoholic Beverage Code and thus fall within the ambit of this constitutional prohibition. The permittees urge that they were entitled to declaratory and injunctive relief to prevent the City from imposing its unconstitutional ordinances upon them. The City contends that their ordinances are not inconsistent with the Alcoholic Beverage Code because the Code does not seek to regulate dance halls or theaters, whether conducted by its permittees or any other citizen. We commend both parties and their counsel for narrowing the issue presented. We shall now determine whether the ordinances in question are "inconsistent" with the Code.

██ The public policy of the State is, in this instance, expressed directly in sec-

tion 1.03 of the Alcoholic Beverage Code: "This code is an exercise of the police power of the state for the protection of the welfare, health, peace, temperance, and safety of the people of the state. It shall be liberally construed to accomplish this purpose." We have previously set out section 1.06 of the Alcoholic Beverage Code and restate that section for its readily apparent relationship with section 1.03: "Unless otherwise specifically provided by the terms of this code, the manufacture, sale distribution and possession of alcoholic beverage shall be governed exclusively by the provisions of this code." The public policy accomplished by the Alcoholic Beverage Code is the "welfare, health, peace, temperance and safety of the people" but, only insofar as the same may be affected by the "manufacture, sale, distribution, transportation, and possession" of alcoholic beverages. Should the people's "welfare" et cetera be affected by any other circumstance than the "manufacture" et cetera of alcoholic beverages, then other statutes or city ordinances may address that additional circumstance without being "inconsistent" with the Alcoholic Beverage Code. The regulation of dance halls and theaters is a legitimate object of the city's ordinances. *See City of Dallas v. Stevens,* 310 S.W.2d 750 (Tex.Civ.App.–Dallas 1958, writ ref'd n. r. e.); *Bounty Ballroom v. Bain,* 211 S.W.2d 248 (Tex.Civ.App.–Amarillo 1948, writ ref'd). The welfare of the people protected by such ordinances is no less necessary in premises which may also dispense alcoholic beverages. We do not find any provisions in the Alcoholic Beverage Code addressing the regulation of dance halls and theaters nor do we find anything in the city's ordinances addressing the regulation of alcoholic beverages. Consequently, we conclude that the city's ordinances cannot be denied enforcement as being "inconsistent" with the Alcoholic Beverage Code and, thus, violative of that Code's exclusiveness or of the constitutional prohibition.

The permittees urge, however, that while there is a different purpose in the respective enactments, if the City's regulations obstruct, or interfere, or burden the permittees in the exercise of their permits, a fatal inconsistency exists. The permittees point out that section 11.38(c) of the Alcoholic Beverage Code anticipates and proscribes any obstruction, burden, or interference such as is imposed by the city's ordinances. Section 11.38(c), as previously quoted, prohibits the right of any political subdivision to "regulate permittees" yet, since the Alcoholic Beverage Code itself is limited to regulation of the manufacture, et cetera, of alcoholic beverages, the regulation of another activity or occupation conducted by the same permittee, does not amount to regulation of his occupation of manufacture, et cetera, of alcoholic beverages. It does not appear from the words chosen by the legislature that "the object sought to obtain"[1] in the passage of the Alcoholic Beverage Code was to excuse the permittee from the regulations or fees appertaining to any and all other occupations in which he might choose to engage, simultaneously with the occupation of dispensing alcoholic beverages. The consequences of the particular construction[2] urged by the permittees would, absurdly, excuse the permittee from city regulation related to zoning, construction, fire safety, rat infestation, and the washing of glasses between customers, to mention only a few, even if the permittee confined his occupation solely to the dispensing of alcoholic beverages. We find that a more "just and reasonable"[3] construction to be that the Alcoholic Beverage Code proscribes (1) any other regulation for engaging in the occupation of dispensing alcoholic beverages and (2) proscribes any other regulation as a *condition* to engage upon the occupation of dispensing alcoholic beverages. We hold that the ordinances of the City of Dallas regulating the occupation of conducting a dance hall or a theater, and imposing a fee or tax there-

1. Tex.Rev.Civ.Stat.Ann. art. 5429b–2 (Vernon 1979).

2. *Id.*

3. *Id.*

fore, do not assume an authority specifically denied by section 11.38(c) nor do such ordinances impose any obstruction, interference, or burden upon a permittee in the exercise of his permit.

Affirmed.