# The Attorney General of Texas

March 31, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Dan V. Dent
District Attorney
P. O. Box 400
Hillsboro, Texas    76645

Opinion No. JM-462

Re: Whether a municipal police officer may serve warrants for a fee

Dear Mr. Dent:

You ask whether members of the regular police force of a home rule city may legally serve arrest warrants during their "off-duty" hours as members of a reserve police force and whether they may retain a fee for such "off-duty" service.

The police officers of a home rule city are peace officers whose duty it is "to preserve the peace within [their] jurisdiction." See Code Crim. Proc. arts. 2.12(4), 2.13; V.T.C.S. art. 999. A peace officer's duties include the service of arrest warrants. See Code Crim. Proc. arts. 2.13, 2.16. Peace officers must be certified by the state. V.T.C.S. art. 4413(29aa), §2(c); Attorney General Opinion H-1002 (1977). They are vested with the privileged authority to make arrests, see Code Crim. Proc. art. 14.03, and to possess handguns. Penal Code §§46.02, 46.03. A commissioned peace officer is, unlike other city employees, usually deemed to be "on duty" at all times and is obligated to exercise his authority whenever there is a breach of peace within his jurisdiction. Attorney General Opinion JM-140 (1984); see Attorney General Opinion JM-57 (1983). Thus, your reference to city police officers serving in a reserve force during their "off-duty" hours must be qualified; they would nevertheless be "on-duty" for the purpose of exercising their duties and for certain government liability purposes. See Attorney General Opinions JM-140, JM-57.

These considerations, however, apply primarily to emergency situations, i.e., where the peace officer witnesses a crime when he is not on active duty. You ask about the establishment of an official reserve police force, comprised of regular peace officers, to handle the execution of arrest warrants outside of their regular hours. A home rule city has broad power to establish a police force. Tex. Const. art. XI, §5; V.T.C.S. art. 1175, §27; see Kling v. City of Austin, 62 S.W.2d 689, 690 (Tex. Civ. App. - Austin 1933, no writ). It may not, however, enact ordinances which contravene the general laws of this state. Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641, 645 (Tex. 1975). You ask specifically about

the establishment of a reserve police force pursuant to article 998a, V.T.C.S.

Article 998a provides, in part:

> (a) The governing body of any city, town, or village may provide for the establishment of a police reserve force. Members of the police reserve force, if authorized, shall be appointed at the discretion of the chief of police and shall serve as peace officers during the actual discharge of official duties.

> (b) The governing body shall establish qualifications and standards of training for members of the police reserve force, and may limit the size of the police reserve force.

> (c) No person appointed to the police reserve force may carry a weapon or otherwise act as a peace officer until he has been approved by the governing body. After approval, he may carry a weapon only when authorized by the Chief of Police, and when discharging official duties as a duly constituted peace officer.

> (d) Members of the police reserve force serve at the discretion of the chief of police and may be called into service at any time the chief of police considers it necessary to have additional officers to preserve the peace and enforce the law.

> . . . .

> (g) Reserve police officers shall act only in a supplementary capacity to the regular police force and shall in no case assume the full time duties of regular police officers without first complying with all requirements for such regular police officers.

> (h) This Act does not limit the power of the mayor of any general-law city to summon into service a special police force, as provided by Article 995, Revised Civil Statutes of Texas, 1925. (Emphasis added).

Thus, article 998a places some limits on a home rule city's basic authority to establish a regular reserve police force. See also V.T.C.S. art. 4413(29aa), §6 (reserve police officers must also comply

with certain officer standards and education requirements); Texas Board of Private Investigators and Private Security Agencies v. Bexar County Sheriff's Reserve, 589 S.W.2d 135, 137 (Tex. Civ. App. - San Antonio 1979, no writ); Dixon v. McMillen, 527 F. Supp. 711 (N.D. Tex. 1981); cf. Attorney General Opinion H-1286 (1978) (special emergency police force under article 995, V.T.C.S.). The statute authorizes granting reserve police officers powers which are more limited than those held by regular police officers. See V.T.C.S. art. 998a, §(c). Further, the statute indicates that reserve officers shall act only in a supplementary capacity. Sec. (g). Consequently, although a member of the regular police force may perform extra duties during his "off-duty" time, we do not believe that article 998a governs this extra duty because the duties of regular and reserve peace officers are inconsistent.

Moreover, because you ask about the regular members of the home rule city's police force, article 5154c-1, V.T.C.S., the Fire and Police Employee Relations Act, must also be addressed. See §20(a) (preemptive effect). This statute applies to "each sworn certified full-time paid employee . . . who regularly serves in a professional law enforcement capacity in the police department of any city. . . ." Sec. 3(2). The act requires the provision of compensation and employment conditions which prevail in comparable private sector employment. Sec. 2(a). When a police officer for a city works during his "off-duty" hours for that city, he is working overtime. The prevailing overtime wages and working conditions should therefore be consulted. See generally Kierstead v. City of San Antonio, 636 S.W.2d 522, 529 (Tex. Civ. App. - San Antonio 1982), aff'd in part, rev'd in part on other grounds, 643 S.W.2d 118 (1982). If a city has adopted the collective bargaining provisions of the act, pursuant to section 5, it must also comply with those provisions.

The second aspect of your question is whether the compensation for these police officers may take the form of a per-warrant fee. Because you emphasize the $25 fee authorized in article 45.06 of the Texas Code of Criminal Procedure, the context of your question implies that the fees for these officers would be those specified in article 45.06. This article provides, in part:

> The governing body of each incorporated city, town or village shall by ordinance prescribe such rules, not inconsistent with any law of this State, as may be proper to enforce, by execution against the property of the defendant, or imprisonment of the defendant, the collection of all fines imposed by such court, and shall also have power to adopt such rules and regulations concerning the practice and procedure in such court as said governing body may deem proper, not inconsistent with any law of this State. All such fines; a special expense, not to exceed $25 for

the issuance and service of a warrant of arrest for an offense under Section 38.11, Penal Code, or under Section 149, Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes); and the special expenses described in Article 17.04 dealing with the requisites of a personal bond and a special expense for the issuance and service of a warrant of arrest, after due notice, not to exceed $25, <u>shall be paid into the city treasury for the use and benefit of the city, town or village.</u> (Emphasis added).

This statute makes it clear that these fees must be paid into the city treasury. They may not be paid as compensation to the arresting officer.

With regard to receiving fees from other sources, it is well-established that peace officers may not accept compensation from third parties or private sources for the performance of their official duties. Attorney General Opinions JM-57 (1983); C-661 (1966); O-1565 (1939); <u>see also</u> <u>Weber v. City of Sachse</u>, 591 S.W.2d 563, 566 (Tex. Civ. App. – Dallas 1979, no writ); <u>cf.</u> <u>Bounty Ballroom v. Bain</u>, 211 S.W.2d 248, 250-251 (Tex. Civ. App. – Amarillo 1948, writ ref'd n.r.e.); <u>see generally</u> <u>Tumey v. Ohio</u>, 273 U.S. 510 (1927). Thus, any compensation for these officers must come directly from the city. <u>Cf.</u> V.T.C.S. art. 999b; Attorney General Opinion JM-160 (1984) (interlocal agreement for police protection). As indicated, such compensation must also comply with the requirements of article 5154c-1, V.T.C.S.

## S U M M A R Y

The members of the regular police force of a home rule city may legally serve arrest warrants outside of their regular hours, but may not receive, as compensation for such service, the fee provided for in article 45.06 of the Code of Criminal Procedure. The city must also comply with the prevailing wage and working condition provisions of article 5154c-1, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General