Richard GLASHEEN, et al.

v.

CITY OF AUSTIN.

No. A–92–CA–238 JRN.

United States District Court, W.D. Texas, Austin Division.

May 24, 1993.

*ORDER*

ALBRIGHT, United States Magistrate Judge.

Before this Court is the City of Austin's First Supplemental Motion for Summary Judgment and the Plaintiffs' Motion to Dismiss the Defendant's Counterclaim for Declaratory Judgment.

## I.

### BACKGROUND

Plaintiffs filed suit in this Court on April 23, 1992. Plaintiffs are or were merchants who owned businesses in Austin. The Defendant, the City of Austin ("City"), is a Texas municipal corporation duly formed under the laws of the State of Texas. It is a home-rule city. Plaintiffs have brought a cause of action against the City under 42 U.S.C. § 1983, alleging that the City acted under color of law to deprive them of their civil rights. This cause of action arises out of Municipal Ordinance Section 8–3–9 of Chapter 8–3 of the Code of Ordinances of 1992 (the "Ordinance") that deals with the public consumption of alcohol as well as the methods that the Plaintiffs allege the City enforced these ordinances. The Plaintiffs allege that the City has usurped regulatory authority reserved to the State of Texas in the form of the Texas Alcoholic Beverages Commission. The Plaintiffs allege that they were specifically and unlawfully targeted for enforcement of these ordinances by the Austin Police Department.

On March 16, 1993, the City filed its Motion for Summary Judgment and Motion to Dismiss. The Plaintiffs filed their Response to the Motion for Summary Judgment on April 28, 1993. The parties consented to have this Court handle the entire case on April 9, 1993. The Court held a hearing on all pending motions on May 20, 1993.

## II.

### THE PLAINTIFF'S MOTION TO DISMISS THE CITY'S COUNTERCLAIM

The City sought and was granted leave by this Court to file a counterclaim that is the

Kevin T. Glasheen, Lubbock, TX, for plaintiffs.

William T. Deane, City Attorney's Office, Austin, TX, for defendant.

mirror image of what the Plaintiffs seek: a declaratory judgment that the challenged Ordinances are constitutional. The City argued that leave to file the counterclaim was appropriate and necessary since the Plaintiffs already seek to have the Court determine the constitutionality of these Ordinances and their enforcement and the City argues that this would avoid a multiplicity of suits concerning the same legal question.

## III.

### THE CITY'S MOTION FOR SUMMARY JUDGMENT

The City contends that nothing in its challenged ordinances enacts stricter standards on the Plaintiffs' premises or businesses, which are required to have a license or permit under the Tex.Alco.Bev.Code (the "Code"), than are imposed on similar businesses or premises that are not required to have a license or permit under the Code. The ordinances do not regulate the **sale** of alcoholic beverages, rather the City is regulating the **consumption** of alcoholic beverages in certain specific locations. The City argues that the Plaintiffs have no property rights in their wine and beer permits. In addition, the City contends that it has done nothing to interfere with or take any property of the Plaintiffs.

## IV.

### PLAINTIFFS' RESPONSE

Plaintiffs respond first that there are genuine issues of material fact that preclude the granting of the motion for summary judgment. They contend that the Ordinance is preempted by the Texas Alcoholic Beverages Code.

## V.

### ANALYSIS

■ The Ordinance in dispute in this case restricts the consumption of alcoholic bever-

ages "in or on any public street, sidewalk, or pedestrian way located in designated areas No. 1 and No. 2 in the City." See § 8–3–9(b) of the Ordinance. Subsection C of the Ordinance provides: This section does not prohibit or otherwise control the manufacture, sale, distribution, transportation, or possession of alcoholic beverages. Nothing in the Ordinance prohibits or even regulates the sale of alcoholic beverages [1] by the Plaintiffs. While the Ordinance may have indirectly impacted the sale of alcohol from Plaintiffs' "to go beer window" establishments that sold beer to the public as people strolled along Sixth Street, the Plaintiffs' businesses were no more directly regulated than any convenience store that sells beer. The Ordinance does not prohibit or restrict the sale of alcoholic beverages by the Plaintiffs to the public. Under the Ordinance, the City could enforce the statute against any person consuming alcohol in a restricted geographic area regardless of the source of the purchase of the alcohol—whether it be at the Plaintiffs' business, a gas station in Taylor, Texas, or even if the person brought the alcohol directly from his own home. In other words, the challenged Ordinance affects the manner of the consumption of alcohol rather than the manner of the sale. Therein lies the lack of merit in Plaintiffs' claims.

■ The Plaintiffs maintain that the Ordinance is preempted by the Texas Alcoholic Beverages Code. The parties disagree over the impact that the *Banknote Club & Stan's Boilermaker v. City of Dalls*, 608 S.W.2d 716 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.) has on the present case. The Court agrees with the City that the *Banknote* case holds that the Code is directed at controlling the activities of entities that are selling alcohol—not the consumers. There is no express provision in the Code relating to the regulation of consumption of alcohol on the public streets, sidewalks, and alleyways. The state of Texas has imbued the City of Austin with

---

1. The City highlights this difference in its supplemental brief filed on April 19, 1993. In that brief, there is a discussion of the recent decision by the Texas Supreme Court in *Dallas Merchant's & Concessionaire's Association v. City of Dallas*, 852 S.W.2d 489 (Tex.1993). In that case, the Texas court struck down a city ordinance that attempted to regulate the sale of alcoholic beverages in certain zones. In the case before this Court, the Ordinance prohibits only consumption, not the sale, of alcoholic beverages.

"the full power of local self-government." § 51.072(a), Local Government Code. This necessarily grants to the city the power to effectuate ordinances that are "necessary to protect health, life, and property and to preserve the good government, order, and security of the municipality and its inhabitants." § 54.004, Local Government Code. The Court agrees with the City that the challenged Ordinance properly relates to this goal.

The Court agrees with the City that the Ordinance did not affect a taking under the U.S. Constitution. The Ordinance prohibited activity that took place on the public streets and sidewalks—not within or on the private property owned by the Plaintiffs. Again, the Ordinance did not restrict or prohibit the sale of alcohol by the Plaintiffs to customers who were walking on the sidewalks and streets, it prohibited the customer from consuming the alcohol on the public streets and sidewalks **regardless** of where the alcohol had been purchased. The Plaintiffs have no vested right to the commercial use of the public streets as a vested property right.

■ The Court disagrees with the Plaintiffs' contention that they have a property interest or right in their licenses to sell alcohol. These licenses are not property, see Section 11.03 and 61.02 of the Texas Alcoholic Beverages Code. The law is clear that the Plaintiffs have no property right in these permits. *State v. Bush*, 151 Tex. 606, 253 S.W.2d 269, 272–73 (1952). In addition, the Plaintiffs have presented no summary judgment evidence that establishes that the Ordinance restricted or directly affected their use or enjoyment of the license.

■ The Plaintiffs next attempt to bootstrap a cause of action against the City for interference with the sale of alcohol through the use of the police force interfering directly with the Plaintiffs' sales to the public. The Court finds that this is a separate and distinct cause of action that has no relation to whether the challenged Ordinance is constitutional. The Plaintiffs allege that certain police officers barricaded themselves in front of their sales operations to discourage patrons from purchasing libations. The City has responded with competent summary judgment evidence that establishes that the City, which is the only Defendant in this case, had no policy of blocking access to "to go beer windows" on Sixth Street. There is no evidence that the City instructed the police officers to take any action with regard to Plaintiffs' businesses. The failure of the Plaintiff to produce any evidence that contradicts that presented by the City requires this Court to find in favor of the City. There is no evidence of selective enforcement of the Ordinance directly or indirectly against the Plaintiffs.

The Plaintiffs allege a cause of action under 42 § 1983 that borders on the frivolous. The Plaintiffs allege that they have been denied due process, yet it is clear that the City held public hearings concerning this Ordinance prior to its passage and that two of the Plaintiffs attended the hearing. The Plaintiffs have failed to establish that the City had any intent to affect the Plaintiffs' business operations. The statute does not regulate the Plaintiffs' business operations— it affects the somewhat amorphous "right" of people to consume alcohol on Sixth Street. The Court agrees with the City that the Plaintiffs are not entitled to recover under § 1983 since they have not articulated a constitutional violation nor a constitutional injury. *Collins v. City of Harker Heights, Texas,* — U.S. —, —, 112 S.Ct. 1061, 1066, 117 L.Ed.2d 261 (1992). The Plaintiffs lack standing to bring a cause of action on behalf of the general public that is, has or will be charged with violations of the Ordinance.

The Court finds that the Ordinance has a valid purpose. The City asserts that the Ordinance is designed to accomplish several goals including reducing violence, aggressive panhandling, loitering, and public intoxication. The Ordinance is narrowly tailored to accomplish these goals. The Plaintiffs have failed to establish that they have any constitutional or property rights that are within the ambit of protection under the U.S. Constitution. Therefore, the Court GRANTS the Defendant's First Supplemental Motion for Summary Judgment.

The Court has also carefully considered the Plaintiffs, Motion to Dismiss the City's

Counterclaim. The Court will **DENY** the Motion.