**Robin Johnson ROBINSON, Individually and d/b/a, Executive Club, Appellant,**

v.

**CITY OF LONGVIEW, Texas, Appellee.**

No. 12–95–00189–CV.

Court of Appeals of Texas, Tyler.

Nov. 27, 1996.

Steven H. Swander, Ft. Worth, for appellant.

Gregory P. Grajczyk, Longview, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

This is an appeal from the trial court's order which granted the summary judgment of the City of Longview (the "City" or "Longview"), Appellee, and denied the summary judgment of Appellant, Robin Johnson Robinson, Individually and d/b/a Executive Club ("Robinson"). In two points of error, Robinson contends that the City's ordinance, which prohibits topless dancing at locations where alcoholic beverages are served, consumed, or offered for sale, violates the exclusivity provisions of section 109.57(a), (b) of the Texas Alcoholic Beverage Code and discriminates against businesses licensed under such Code.

Longview, Texas, is a home rule city. On April 14, 1994, the City enacted Ordinance No. 2386, which prohibits semi-nudity and nudity in commercial establishments serving or permitting the consumption of alcoholic beverages. The ordinance sets forth specific prohibitions and penalties, and authorizes the

City to seek injunctive relief to enforce compliance with the ordinance.

In Ordinance No. 2386, the City recognized secondary activities associated with a sexually oriented establishment where alcohol is consumed as drastically different from those activities of an establishment where alcohol is not consumed. The City identified the following factors in adopting Ordinance No. 2386:

1. That there is an increasing commercial exploitation of human sexuality by owners and operators of commercial establishments within the City of Longview where alcoholic beverages are served or offered for sale for consumption on the premises, or where alcoholic beverages are permitted to be consumed;

2. That such exploitation takes place in the form of employing or permitting persons to perform or exhibit their nude or semi-nude bodies to other persons as an inducement to such other persons to purchase alcoholic beverages or to consume alcoholic beverages while on the premises;

3. Such exploitation is further often accompanied by serious and dangerous criminal activity, such as the possession or use of controlled substances, the proliferation of drug-related activity, prostitution, disorderly conduct, assaults, and the like;

4. That the direct result of such exploitation in the context of the location where it is permitted (*i.e.*, where alcohol is served or consumed) threatens the preservation of property values of adjoining and adjacent properties and neighborhoods;

5. That the direct result of such exploitation is the moral degradation and disturbances of the peace and good order of the community; and

6. Such commercial exploitation of such nude and semi-nude acts are adverse to the public's interest and the quality of life, tone of commerce, and total community environment in the City of Longview.

On August 19, 1994, Beverly Elois d/b/a The Executive Club filed a declaratory judgment suit against the City seeking a determination that Ordinance No. 2414, a comprehensive and extensive ordinance regulating sexually oriented businesses passed on August 11, 1994, was unconstitutional. On October 3, 1994, Robinson filed amended pleadings substituting herself, "Robin Johnson Robinson, Individually and d/b/a The Executive Club," as plaintiff. On November 17, 1994, Robinson supplemented her petition to allege that Ordinance No. 2386 was preempted by the Texas Alcoholic Beverage Code (the "Code") and article XI, section 5 of the Texas Constitution. The City filed a motion for summary judgment on the validity of Ordinance No. 2386 and for injunctive relief. Robinson also moved for summary judgment seeking a declaration that such ordinance was contrary to the Code, and therefore, unconstitutional. The parties filed written stipulations in which they agreed that Robinson had permitted female persons to dance or perform semi-nude at The Executive Club since April 14, 1994 while in the presence of persons who were consuming alcoholic beverages, all of which was in violation of Ordinance No. 2386.

The court granted the City's motion for summary judgment and enjoined Robinson from violating the terms of the ordinance. On appeal, Robinson claims the trial court erred in: (1) granting the City's motion for summary judgment, and (2) denying Robinson's motion for summary judgment because as a matter of law, Ordinance No. 2386 is preempted by section 109.57(a), (b) of the Texas Alcoholic Beverage Code ("section 109.57(a), (b)"), and therefore violates article XI, section 5 of the Texas Constitution. We will **affirm.**

■ Robinson argues that since the City passed Ordinance No. 2414 in order to regulate specific sexually oriented businesses, and thereby prescribed the manner in which topless dancing may be performed where alcohol is not served, Ordinance No. 2386's additional prohibition of topless dancing in premises licensed to sell alcoholic beverages discriminates against those businesses that hold an alcohol license and feature topless dancing as

customer entertainment. Specifically, Robinson contends that section 109.57(a), (b)[1] prevents a municipality from discriminating against licensees or permittees under the Code and precludes more onerous regulations directed at holders of alcohol licenses than those directed at similar businesses that do not hold such licenses.

Stated differently, Robinson contends that the prohibition of topless dancing at an alcohol-serving business (Ordinance No. 2386) is a stricter standard than the licensing and internal regulations applicable to businesses that feature topless dancing but do not serve alcohol (Ordinance No. 2414), and therefore, such prohibition violates section 109.57(a), (b). We disagree.

■■■ When reviewing the validity of a city ordinance, an appellate court is to presume the ordinance is valid. *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 792 (Tex.1982); *Bidelspach v. State*, 840 S.W.2d 516, 517 (Tex.App.—Dallas 1992), *pet. dism'd*, 850 S.W.2d 183 (Tex.Cr.App.1993). "Courts have no authority to interfere unless the ordinance is unreasonable and arbitrary-a clear abuse of discretion." *City of Brookside Village*, 633 S.W.2d at 792 (quoting *Hunt v. City of San Antonio*, 462 S.W.2d 536, 539 (Tex.1971)). In addition, the court must construe the city ordinance in a manner that renders it constitutional, if it is possible to do so, consistent with a reasonable interpretation of its language. *Bidelspach*, 840 S.W.2d at 517. If such an interpretation is not possible, however, then the constitution must prevail over the ordinance. The burden of showing that a city ordinance is invalid rests on the party attacking it. *Id.* Home rule cities have full power of self-government and authority to do anything the Legislature could have authorized them to do. Tex. Const. art. XI, § 5. Therefore, courts now determine whether the Legislature has limit-

ed the power of a home rule city, not whether it has made specific grants of authority. *Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641, 643 (Tex.1975) (citing *Forwood v. City of Taylor*, 147 Tex. 161, 214 S.W.2d 282 (1948)); *see also Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489 (Tex.1993).

■■■ As a general rule, home rule cities may not pass a municipal ordinance that conflicts with the constitution or general laws of the state. Tex. Const. art. XI, § 5; *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 792 (Tex.1982). "The entry of the state into a field of legislation, however, does not automatically preempt that field from city regulation; local regulation, ancillary to and in harmony with the general scope and purpose of the state enactment, is acceptable." *City of Brookside Village*, 633 S.W.2d at 796.

> "[T]he mere fact that the legislature has enacted a law addressing a subject does not mean the complete subject matter is completely preempted...." "[A] general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached." Thus, if the Legislature chooses to preempt a subject matter usually encompassed by the broad powers of a home-rule city, it must do so with unmistakable clarity.

*Dallas Merchant's*, 852 S.W.2d at 491 (citations omitted). Therefore, our task is to reconcile the provisions of both the Alcoholic Beverage Code and the Local Government Code, which we have set out herein and which affect the subject matter of this appeal.

Prior to August 28, 1989, Chapter 243 of the Texas Local Government Code authorized municipal and county authorities to regulate sexually oriented businesses only as

---

**1.** Section 109.57(a), (b) provides:

   (a) Except as is expressly authorized by this code, a regulation, charter, or ordinance promulgated by a governmental entity of this state may not impose stricter standards on premises or businesses required to have a license or permit under this code than are imposed on similar premises that are not required to have such a license or permit.

   (b) It is the intent of the legislature that this code shall exclusively govern the regulation of alcoholic beverages in this state, and that except as permitted by this code, a governmental entity of this state may not discriminate against a business holding a license or permit under this code.

Tex.Alco.Bev.Code Ann. § 109.57(a), (b) (Vernon 1995).

to location. Section 243.003 at that time read:

(a) A municipality by ordinance or a county by order of the commissioners court may adopt regulations restricting the *location* of a sexually oriented business.

(b) An aspect of a sexually oriented business other than its location may *not* be regulated under this chapter.

Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex.Gen.Laws 707, 1020 (emphasis added), *amended by* Act of May 23, 1989, 71st Leg., R.S., ch. 837, § 1, 1989 Tex.Gen. Laws 3808, 3808. At the same time, Section 243.005 provided that:

(a) A business is not exempt from regulation under this chapter because it holds a license or permit under the Alcoholic Beverage Code authorizing the sale or service of alcoholic beverages.

(b) A regulation adopted under this chapter may not discriminate against a business on the basis of whether the business holds a license or permit under the Alcoholic Beverage Code.

Act of March 25, 1985, 69th Leg., R.S., ch. 15, § 1, 1985 Tex.Gen.Laws 383, 384, *amended by* Act of May 23, 1989, 71st Leg., R.S., ch. 837, § 1, 1989 Tex.Gen.Laws 3808, 3808–09. However, the Seventy-first Legislature amended Chapter 243, effective August 29, 1989, which thereafter in section 243.003(a) provided: "A municipality by ordinance or a county by order of the commissioners court may adopt regulations regarding sexually oriented businesses as the municipality or county considers necessary to promote the public health, safety, or welfare." TEX.LOC. GOV'T CODE ANN. § 243.003(a) (Vernon 1996). By deleting the word "location" in this section, the Legislature intended that regulations other than "location" could be adopted by municipalities governing sexually oriented businesses since a municipality was already authorized to regulate the location and density of these businesses. A city may not impose stricter standards on businesses required to have a license under the Code. However, this limitation is only applicable when a city is attempting to regulate the sale of alcoholic beverages.

The ordinance under attack does not discriminate against permittees or licensees under the Code. The ordinance regulates neither the sale nor consumption of alcohol, but rather exposure of certain parts of the body where alcohol is sold or consumed. The Code does not preempt a city from regulating certain occupations or activities at establishments licensed by the Texas Alcoholic Beverage Commission. *See Banknote Club & Stan's Boilermaker v. City of Dallas,* 608 S.W.2d 716, 716–17 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). To the contrary, "[s]hould the people's 'welfare' et cetera be affected by any other circumstance than the 'manufacture' et cetera of alcoholic beverages, then other statutes or city ordinances may address that additional circumstance without being 'inconsistent' with the Alcoholic Beverage Code." *Banknote Club,* 608 S.W.2d at 718.

In *Banknote Club,* the permittees urged that sections 1.06 and 11.38(a), (c) of the Code preempted the City of Dallas's regulation of dance halls and theaters that sold alcohol. *Id.* at 717. The Dallas court of appeals dismissed this argument holding that "[t]he regulation of dance halls and theaters is a legitimate object of the city's ordinances." *Id.* at 718. This is consistent with the supreme court's mandate that a city must not look to the Legislature for grants of power, but rather for limitation on home rule powers. *Lower Colorado River Auth. v. City of San Marcos,* 523 S.W.2d 641, 643 (Tex. 1975); *see also MJR's Fare of Dallas, Inc. v. City of Dallas,* 792 S.W.2d 569, 576 (Tex. App.—Dallas 1990, writ denied) ("[w]hile the Alcoholic Beverage Code precludes some types of local regulation, it places no limitation on Dallas's zoning powers and *regulation of other secondary activities* ") (emphasis added) and *SDJ, Inc. v. City of Houston,* 837 F.2d 1268 (5th Cir.1988) (the Texas Alcoholic Beverage Code "speaks only to the governance of the 'manufacture, sale, distribution, transportation, and possession of alcoholic beverages' "), *cert. denied,* 489 U.S. 1052, 109 S.Ct. 1310, 103 L.Ed.2d 579 (1989).

In *Williams v. City of Fort Worth,* 782 S.W.2d 290 (Tex.App.—Fort Worth 1989, writ denied), the City of Fort Worth passed a

418

comprehensive ordinance regulating sexually oriented businesses and required such businesses "to conform to a number of restrictions regarding dress and other aspects of the operation." *Williams*, 782 S.W.2d at 292. Williams, a permittee under the Code, made the following arguments to the Fort Worth Court of Appeals:

1. That the Fort Worth ordinance violates the Texas Constitution because the Texas Alcoholic Beverage Code preempts the city's authority to regulate topless bars where alcohol is served;

2. That the Texas Alcoholic Beverage Code includes not only regulations on the sale and distribution of alcohol, but also regulates conduct of the permit-holder and the entertainment provided in businesses selling alcohol; and

3. That because the Texas Alcoholic Beverage Code allows topless dancing, the city may not enact an ordinance which prohibits or regulates topless dancing.

*Williams*, 782 S.W.2d at 291. In rejecting *Williams'* arguments, the Fort Worth court of appeals found that state and federal courts have agreed that the Texas Alcoholic Beverage Code preempts only the regulation of business regarding the sale of alcoholic beverages. "Other activities that take place on such premises where alcoholic beverages are sold are subject to regulation by local governments." *Williams*, 782 S.W.2d at 298. The court explained its decision by pointing out that the ordinance did not regulate the permittee's ability to maintain or attain a license, nor did it force the permittee to relocate his business. *Williams*, 782 S.W.2d at 299. "Instead, the ordinance simply requires dancers to conform with the dress regulation or move to another location in the city." *Id.*

■ Robinson relies heavily upon *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489 (Tex.1993), for the proposition that section 109.57 of the Alcoholic Beverage Code preempts Ordinance No. 2386. However, her reliance on *Dallas Merchant's* is misplaced. In *Dallas Merchant's*, the City of Dallas enacted an ordinance *prohibiting sale of alcoholic beverages* within

300 feet of a residential area. Because sections 109.31–33 of the Code specifically address the location and sale of alcoholic beverages, the Texas Supreme Court held that those sections preempted the Dallas ordinance. Thus, *Dallas Merchant's* is a narrowly tailored decision addressing preemption of ordinances directly affecting the location of businesses licensed to sell alcohol.

The federal courts have also considered municipal ordinances that prohibit nudity in establishments serving alcoholic beverages. In *Hang On, Inc. v. City of Arlington*, 65 F.3d 1248 (5th Cir.1995), the Fifth Circuit considered an Arlington ordinance that regulated sexually oriented businesses where alcohol was served. To prohibit the "noxious secondary effects of adult entertainment," the City of Arlington adopted a regulatory scheme to control sexually oriented businesses. Hardbody's of Arlington brought suit to declare the ordinance invalid. Hardbody's alleged that the Code preempted the ordinance, arguing that, because the ordinance contained restrictions that would normally apply to locations where alcohol was served but would not apply to other sexually oriented businesses where alcohol was not served, such ordinance was discriminatory and in violation of section 109.57. The Fifth Circuit rejected this argument, holding that the ordinance was underinclusive because there were many businesses licensed to sell alcohol that did not engage in sexually oriented activities, and was overinclusive because the ordinance applied to some sexually oriented businesses that did not have liquor licenses.

Like Arlington's ordinance, Ordinance No. 2386 regulates only sexually oriented businesses, not all businesses selling alcohol, nor only businesses that sell alcohol. Given the inherent and obvious differences between sexually oriented businesses that serve and do not serve alcohol, Ordinance No. 2386 does not discriminate against licensees or permittees under the Code. The Texas Legislature has placed absolutely no restrictions on municipalities to regulate unwanted secondary activity. *See MJR's Fare of Dallas v. City of Dallas*, 792 S.W.2d 569 (Tex.App.—Dallas 1990, writ denied), which upheld a Dallas zoning ordinance affecting location of

sexually oriented businesses before statutory authorization to do so. Since no conflict exists between the Code and Ordinance No. 2386, which we construe as being passed pursuant to sections 243.003 and 243.005 of the Texas Local Government Code effective August 29, 1989, authorizing regulating sexual oriented business, no constitutional violation or discrimination has occurred.

In conclusion, contrary to Robinson's contention, Ordinance No. 2386 is entirely consistent with the privileges afforded under article XI, section 5 of the Texas Constitution. Ordinance No. 2386 as part of a comprehensive regulatory scheme attempts to regulate sexually oriented businesses in Longview, Texas. This ordinance is narrowly tailored to affect and address unwanted secondary effects. Any incidental impact such regulatory scheme has on businesses licensed under the Texas Alcoholic Beverage Code is not such a conflict as to require the dismantling of the regulatory scheme. The ordinance is presumptively valid. Robinson has failed to establish that the ordinance in any way attempts to regulate the manufacture, sale, distribution, transportation or possession of alcoholic beverages. Further, Robinson has failed to establish that the focus of the ordinance is anything other than the regulation of sexually oriented activities in the City of Longview. Appellant's points of error are overruled.

The judgment of the trial court is **affirmed.**