JERE DAIRY, INC., Appellant,

v.

CITY OF MT. PLEASANT et al., Appellees.

No. 7824.

Court of Civil Appeals of Texas.

Texarkana.

July 11, 1967.

Rehearing Denied Aug. 15, 1967.

Waller M. Collie, Jr., Dallas, for appellant.

Traylor Russell, Mt. Pleasant, for appellees.

CHADICK, Chief Justice.

This is a permanent injunction action. The trial court judgment refused relief to the plaintiff, Jere Dairy, Inc.; such judgment is reversed and judgment rendered.

The City of Mt. Pleasant, Texas, a municipal corporation, chartered as a Home Rule City, on September 21, 1954, adopted an ordinance to regulate the production, grading, sale, etc., of milk, couching the ordinance in substantially the form recommended by United States Public Health Service in a publication entitled "MILK ORDINANCE AND CODE—1953 Recommendations of Public Health Service". The City issued Jere Dairy, Inc., a permit dated December 2, 1965, to market Grade A pasteurized milk within its corporate limits. Shortly thereafter, December 7, 1965, the City adopted another ordinance that precipitated the action under review; the text of the new enactment, pertinent to the problem considered in this appeal, is as follows:

"SECTION 2: All persons, firms or corporations selling milk in the City of Mt. Pleasant shall make at least three deliveries of the same each week; and upon failure to do so, the City shall cancel the permit and the City Sanitarian shall be authorized to pick up and destroy all milk found in the City of Mt. Pleasant in violation of the ordinance.

Upon cancellation of the permit, the City shall not be required to make any refund of unearned permit fees."

During the month of January, 1966, the City refused to renew the permit for Jere Dairy, Inc., to market Grade A pasteurized milk for the year 1966 unless and until Jere Dairy Inc., "affirm its intent and agreement to make three deliveries of milk to the City of Mt. Pleasant", as required by the December 7, 1965, ordinance. The dairy declined to commit itself to the deliveries prescribed by the ordinance. In the trial of this case the City stipulated that the milk distributed by Jere Dairy, Inc., complied with the City's ordinance, that the Jere Dairy, Inc., plant at all times relevant to the lawsuit had operated in compliance with the City regulations and in compliance with the state health laws, and that the dairy is entitled to a permit to sell milk in Mt. Pleasant's corporate limits, if it would submit to the delivery provisions of the ordinance.

■ Grades, grading, and labeling of milk in Texas is authorized and regulated by[1] Acts 1937, 45th Legislature, p. 353, Chapter 172, and regulations promulgated and adopted June 1, 1953, by the State Health Officer and published by the State Department of Health in a brochure entitled "Grade Specifications and Requirements for Milk". The City of Mt. Pleasant recognizes that the mentioned statute and regulations pre-empted the field of grading and labeling milk. City of Weslaco v. Melton, 158 Tex. 61, 308 S.W.2d 18 (1957). However, delivery of milk, the City points out, is not mentioned in the state statute and regulations, and frequency of delivery does not appear to be a subject the statute and regulations have undertaken to standardize as a phase of grading and labeling. The ordinance, as the City views it, is an exercise of the City's police power, reflecting concern for the health and welfare of its citizens, and was adopted as a means of assuring the City's inhabitants a supply of wholesome, fresh milk; and, the City asserts, the ordinance does not add to or alter the specifications and requirements of the state's grading and labeling standards applicable to Grade A pasteurized milk. Simply stated, the proposition underlying the City's bid for affirmance is that the ordinance complements state standards and is not inconsistent nor in conflict with them. The scope of concurrent regulations permitted a city in a field pre-empted by the state law is discussed in Prescott v. City of Borger, 158 S.W.2d 578 (Tex.Civ.App.Amarillo 1942, write ref'd); in that case, referring to the Constitution of the State of Texas, Art. 11, Sec. 5, Vernon's Ann.St., and the Legislative enactment on the subject, the court says:

"The article of the Constitution above cited provides that no city charter or ordinance passed thereunder shall contain any provision inconsistent with the constitution or general laws of the state and the identical language expressed in the constitution was, by the Legislature, brought forward in Art. 1165 of the Revised Civil Statutes. No ordinance can be legally enacted by the governing body of a city, * * *, which conflicts or is inconsistent with either the constitution or the statute. * * * The limitation placed upon local bodies does not extend, of course, to those ordinances which are permitted by, or are in harmony with constitutional and statutory provisions even though, in doing so, they may be said to be entering the same field. * * *"

The problem to be resolved is whether or not the delivery regulation is inconsistent or in conflict with Article 165–3 and state regulations promulgated pursuant to it.

The ordinance would have, according to the City's argument, the practical and probable effect of assuring distribution of fresher and more wholesome milk for sale to consumers in the City than is the result

1. Texas Revised Civil Statutes Annotated, art. 165–3 (1959).

when deliveries are less frequent than the ordinance specifies. The City acknowledges that delivery regulation would not necessarily compel delivery of fresher milk, as a distributor might store milk outside the City and then make the specified deliveries into the City from such store and be in full compliance with the requirement; but, the City would conclude, the practical effect of more frequent deliveries would be an increased probability that the age of the milk distributed would be less than the age, experience had shown, milk would be in the absence of such delivery regulation. The ordinance, it argues, would tend to foster, encourage and promote delivery of fresher milk. The City conceded in oral argument that a requirement that milk be of a specified freshness, that is within some age limit, would probably conflict with state regulations. In factual support of the purpose and objective of the ordinance the City offered the opinion of its City Health Officer that deliveries required by the ordinance would shorten the time between production of Grade A pasteurized milk and its sale for consumption, lessen the probability of exposure of such milk to higher temperatures encountered in the distribution process, and result in a reduction of the bacteria count in the milk permitted to be sold. The City Sanitarian testified that on two different days each week he took samples of Grade A pasteurized milk distributed in Mt. Pleasant by Jere Dairy, Inc., during the time it was being distributed under the original permit. The tests of the samples showed the milk had a bacteria count above the maximum allowed by the state regulations in two out of three tests. He also testified that similar tests of milk from another dairy making twice per week deliveries showed similar results. On the other hand, he said, milk from dairies delivering three times or more per week subjected to similar test did not have a comparable incidence of high bacterial counts.

The City announces and does not avoid or cloud the issue, that the purpose of the delivery requirement is to secure distribution of fresher Grade A pasteurized milk than that which might be distributed in the absence of the ordinance. The quality of freshness in the milk is expected to be attained by reducing the time between production and distribution for sale to the consumer. The purpose of the City's delivery regulation, the goal to be attained, is a quality of freshness in milk not required by state regulation. It is expected that milk will, or may have as a result of the regulation, a quality that might not be present in the absence of the City's frequent delivery regulation. The conclusion is plain that by the devise of a delivery regulation the City indirectly attempts to add a quality of freshness to the specifications for Grade A pasteurized milk distributed in the City. The effort to do so constitutes an entry into the field occupied exclusively by the state statutes and regulations pertaining to Grade A pasteurized milk. The City is powerless to legislate in the field and its ordinance in this respect is a nullity.[2] Article 11, Sec. 5, Constitution of the State of Texas and [3] Article 1165 prohibits this incursion into the state pre-empted field of milk grading.

The constitutionality of the ordinance is assailed on other grounds, but it is unnecessary to discuss them, as they were not invoked in the denial of the permit to Jere Dairy, Inc. It is anticipated that in the administration of its Milk Ordinance the City and its officers will not act unconstitutionally, and until there is unconstitutional action, or a threat thereof, no necessity appears for a pronouncement on other phases of the ordinance. 12 Tex.Jur.2d Constitutional Law, § 32 (1960).

The judgment of the trial court is reversed and judgment rendered permanently enjoining the City from enforcing Section 2 of its ordinance enacted December 7, 1965.

2. Texas Const. art. 11, § 5.

3. Texas Revised Civil Statutes Annotated, art. 1165 (1963).